# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Records and information associated with the cellular telephone assigned call number (414) 607-2802, as further described in Attachment A | Case No. 23-987M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 8/24/2023 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Nancy Joseph .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 8/10/2023 @ 4:20 p.m.

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 607-2802 (the "Subject Phone" or the "Account"), that are stored at premises controlled by AT&T ("the Provider"), a company headquartered in Dallas, Texas.

The Provider is ordered to disclose the above information to the government within ten days of issuance of this warrant.

1

# ATTACHMENT B

## Particular Things to be Seized

I.  **Information To Be Disclosed by the Provider**

For the time period from July 1, 2023, to August 10, 2023, the date of this warrant, the Provider is required to disclose the following records and other information, if available, to the United States for the Account listed Attachment A:

    A.    **Subscriber Information and Call Detail Records:** The following information about the customers or subscribers of the Account listed Attachment A:

1. Subscriber/customer names (including usernames and screen names);

2. Subscriber/customer addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long-distance call detail and tolls records for the Account;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. **Cell-Site/Tower Records:** All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account listed in Attachment A, including:

1. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses (IPV6 data records);

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

3. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

4. All historical GPS or other precision location information associated with the Account listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of the violation of federal law, including, inter alia, the unlawful distribution of narcotics in violation of Title 21, United States Code, Section 841(a)(1).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Records and information associated with the cellular telephone assigned call number (414) 607-2802, as further described in Attachment A | ) ) ) ) ) ) )  Case No. 23-987M(NJ) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a controlled substance. |

The application is based on these facts:
See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*COLEMAN WILLIAMS*  Digitally signed by COLEMAN WILLIAMS
Date: 2023.08.09 15:50:00 -05'00'

*Applicant's signature*

Coleman Williams, DEA SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 8/10/2023

*Judge's signature*

City and state: Milwaukee, WI          Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Coleman Williams, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 414-607-2802 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Drug Enforcement Administration ("DEA"). I have been so employed since June 2020. Prior to my employment with DEA, I was employed as a Special Agent with the United States Secret Service for approximately 2 years and ten months.

3. As part of my duties as a DEA Special Agent, I investigate criminal violations relating to narcotics trafficking and money laundering offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved in electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

4. I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in investigations involving violations of narcotics laws.

5. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

6. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that Abel THOMAS has violated, and is continuing to violate Title 21, United States Code, Sections 841(a)(1). There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal offenses and will lead to the identification of other individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

8. Beginning in June 2023, DEA investigators utilized a confidential source (hereinafter referred to as "CS") who had information on a subject who distributes counterfeit M30 pills suspected to be laced with fentanyl in the Milwaukee metropolitan area. The subject was identified as Abel THOMAS. The CS also stated Abel THOMAS' phone number is 414-607-2802 (the "Target Cell Phone"). Case agents confirmed that the listed subscriber for the Target Cell Phone is Abel THOMAS. In early July 2023, a DEA investigator spoke telephonically with the CS. During the phone call, the CS provided information regarding THOMAS. The CS stated THOMAS told him/her that he has 1000 M30 pills in his possession to sell. The CS also stated

2

that THOMAS said that he got the pills from his source in Detroit, MI. The CS also believes that THOMAS has a local source in Milwaukee, WI if THOMAS is unable to travel to Detroit, MI to replenish his stash.

9. Throughout the course of the investigation into THOMAS, case agents made a controlled buy of counterfeit M30 pills suspected to be laced with fentanyl from Abel THOMAS. Based on my training and experience, a "controlled buy" is a law enforcement operation in which an informant, also known as a confidential source, purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When a confidential source is used, s/he is searched for contraband, weapons, and money before the operation. The confidential source is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the confidential source meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The confidential source is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the informants dial the target's number on each occasion and the contact is verified through telephone records.

10. On July 11, 2023, the CS conducted a controlled buy of 39 M30 pills for $880 with THOMAS. During the controlled buy, the CS met with THOMAS in the alley behind his current residence at 3445/3447 N 56th street in Milwaukee, Wisconsin. After the controlled buy, the CS

3

met with law enforcement. The CS advised that he/she purchased 39 M30 pills suspected to be laced with fentanyl for $880. The CS relinquished the drugs to law enforcement.

11. For several reasons, case agents believe the CS to be reliable and credible. First, the CS has been providing information on this investigation since June of. 2023. Second, the information the CS has provided is substantially against the CS's penal interest. Third, the information provided by the CS is consistent with evidence obtained elsewhere in this investigation and portions of the CS's information has been corroborated through phone records and independent law enforcement investigation. The CS is cooperating for monetary compensation and the CS has one prior felony conviction. For these reasons, case agents believe the CS to be reliable.

12. Based upon my training and experience, I know that individuals involved in drug trafficking use their cellular telephones to contact other drug dealers and drug purchasers, and that information relating to their telephones may show the areas in which they are trafficking drugs and the individuals who they are contacting to sell or distribute the drugs. Based upon the facts in this affidavit, there is probable cause to believe that THOMAS is engaging in the trafficking and distribution of M30 pills, which are suspected to be laced with fentanyl, and is utilizing the telephone number 414-607-2802, Target Cell Phone, to further this crime.

13. In my training and experience, I have learned that the Provider listed in Attachment A is a wireless provider that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the

4

"sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

14. Based on my training and experience, I know that wireless providers can collect cell-site data about the Account listed in Attachment A. I also know that the Provider typically collects and retains cell-site data pertaining to cellular phones to which it provides service in its normal course of business in order to use this information for various business-related purposes.

15. Based on my training and experience, I know that the Provider also collects more precise historical location information associated with cellular phones, which may be referred to as Per Call Measurement Data (PCMD), Range to Tower or Real-Time Tool (RTT) data, NELOS records, or Timing Advance Data (TrueCall). This data uses GPS or other technology to estimate an approximate location range of a cellular phone that is more precise than typical cell-site data.

16. Based on my training and experience, I know that wireless providers typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute

5

evidence of the crimes under investigation because the information can be used to identify the Account's user or users and may assist in the identification of co-conspirators.

## **REQUEST FOR SEARCH WARRANT**

17. The facts set forth above show that there is probable cause to believe that the records and other information described in Attachment A and Attachment B will contain evidence of federal crimes. As further set forth in Attachment B, your affiant is requesting subscriber/call detail information and historical location data (including cell-site data) maintained by the Provider for the Account listed in Attachment A for the date range from July 1, 2023, to the date of this warrant.

18. The requested data will allow investigators to compare past locations of the phone associated with the Account and will assist in determining whether and to what extent THOMAS was in geographical proximity to locations relevant to the investigation of his narcotics distribution. The data may also help investigators connect THOMAS to additional crimes that have not yet been linked to the investigation.

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. I further request that the Court direct the Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served electronically on the Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 607-2802 (the "Subject Phone" or the "Account"), that are stored at premises controlled by AT&T ("the Provider"), a company headquartered in Dallas, Texas.

The Provider is ordered to disclose the above information to the government within ten days of issuance of this warrant.

1

# ATTACHMENT B

## Particular Things to be Seized

I. **Information To Be Disclosed by the Provider**

For the time period from July 1, 2023, to August 10, 2023, the date of this warrant, the Provider is required to disclose the following records and other information, if available, to the United States for the Account listed Attachment A:

    A. **Subscriber Information and Call Detail Records:** The following information about the customers or subscribers of the Account listed Attachment A:

        1. Subscriber/customer names (including usernames and screen names);

        2. Subscriber/customer addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3. Local and long-distance call detail and tolls records for the Account;

        4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5. Length of service (including start date) and types of service utilized;

        6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

2

Case 2:23-mj-00987-NJ    Filed 08/10/23    Page 14 of 15    Document 1

B. **Cell-Site/Tower Records:** All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account listed in Attachment A, including:

1. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses (IPV6 data records);

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as the source and destination telephone numbers, email addresses, and IP addresses); and

3. All data regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

4. All historical GPS or other precision location information associated with the Account listed in Attachment A, including Per Call Measurement Data (PCMD), Range to Tower/Real-Time Tool (RTT) data, NELOS records, and Timing Advance Data (TrueCall)).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of the violation of federal law, including, inter alia, the unlawful distribution of narcotics in violation of Title 21, United States Code, Section 841(a)(1).

3

Case 2:23-mj-00987-NJ    Filed 08/10/23    Page 15 of 15    Document 1